

CJ-2020-1727
Prince

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

Karen and Sheldon Stone, individually )
and as parents to I.S., a minor, )
)
Plaintiffs, )
)
vs. ) Case No.: **CJ-2020-1727**
)
Midwest City – Del City Public School )
District, Independent School District )
Number 52, of Oklahoma County, ) FILED IN DISTRICT COURT
Oklahoma, Cindy Anderson and ) OKLAHOMA COUNTY
Rodney Ray Strong, )
) MAR 3 0 2020
Defendants. )
RICK WARREN
COURT CLERK

### PETITION

50_____

Plaintiffs, individually, and as parents to I.S., a minor, for their cause of action against Defendants, allege and state as follows:

1. Plaintiffs Karen and Sheldon Stone individually, and as parents to I.S., a minor, (hereinafter "Plaintiffs") are residents of the City of Oklahoma City, State of Oklahoma.

2. Defendant Midwest City – Del City Public School District, Independent School District Number 52, of Oklahoma County, Oklahoma (hereinafter "Defendant School District") is located in the City of Midwest City, State of Oklahoma.

3. Defendant Cindy Anderson (hereinafter "Defendant Anderson") is a resident of the City of Choctaw, State of Oklahoma.

4. Defendant Rodney Ray Strong (hereinafter "Defendant Strong") is a resident of the City of Oklahoma City, State of Oklahoma.

5. Venue in this Court is appropriate because the Defendants are situated in Oklahoma County, and the incident that gives rise to this litigation occurred in Oklahoma County, State of Oklahoma.

6. Defendant's mission statement begins: "When the young people of Mid-Del enter our schools, they will be **safe**." *(Emphasis by Defendant.)*

7. On May 3, 2018, Plaintiffs' son, I.S., was a student at Carl Albert Middle School. He was enrolled in an industrial arts class which was to be taught, monitored and supervised by Defendant Strong, a teacher at Carl Albert Middle School and an employee of the Defendant School District. Defendant Anderson is the Principal of Carl Albert Middle School.

8. Defendant Strong had previously stated – in writing – that children in his class would at all times be "supervised and assisted while executing wood shop projects." (See Shop Safety Procedures dated August 17, 2018; Strong000106.)

9. While in class on May 3, 2018, students were utilizing high-powered table saws to complete various projects. Prior to being able to use the table saw, Plaintiffs' child and the other students in the industrial arts class at Carl Albert Middle School were taught through video and written materials that a blade guard and other safety devices were to be used. Plaintiffs' child was injured on a day when 18 children were permitted to operate multiple high-powered spinning saws simultaneously, with only one adult present (Defendant Strong).

10. Specifically, as multiple students needed to use the table saw, a line was forming and students were idle while waiting. At this point, Defendant Strong decided to utilize a second table saw that had not before been used during that class period. On the newly

utilized table saw, there was a list of safety rules placed on the saw by the manufacturer. The first rule listed was, "[k]eep the safety guard in place."

11. Defendant Strong, fully aware of his teachings, fully aware of the video demonstrations, fully aware of the written materials, fully aware of the manufacturing safety rules, and fully aware of Defendants' safety policy, removed the guard from over the blade, plugged in the machine, turned on the machine, demonstrated one cut of the board, then told Plaintiffs' child to take over. Eventually, Defendant Strong walked away from the unguarded machine being utilized by the novice student.

12. Shortly thereafter, Plaintiffs' child was severely injured when his left hand came into contact with the unguarded, actively spinning, blade of a table saw. It was during this time frame that Plaintiffs' child's fingers were violently amputated, mutilated, and dislocated at multiple levels, resulting in amputation and lifelong impairment/disfigurement.



13. This was not the first incident that occurred in an industrial arts class conducted under the supervision of Defendant Strong.

    a. On December 6, 2012, an injury occurred to a student's finger while using a saw. The wound was severe enough to require dressing. Defendant School District received notice of this injury.

    b. On November 4, 2013, an injury occurred to a student's finger while using a saw. The wound was severe enough to require dressing. Defendant School District received notice of this injury and Defendant Anderson received notice of this injury.

    c. On October 21, 2016, an injury occurred to a student's finger while using a saw. The wound was severe enough that a parent was asked to come pick the student up and take them to the hospital. Defendant School District received notice of this injury.

    d. On November 4, 2016, an injury occurred to a student's finger while using a saw. The wound was severe enough to require dressing. Defendant School District received notice of this injury.

    e. On November 21, 2017, an injury occurred to a student's finger while using a saw. The wound was severe enough that a parent was asked to come pick the student up and take them to the hospital. Defendant School District received notice of this injury and Defendant Anderson also received notice of this incident.

14. After each of the injury producing events involving students using saws under the supervision of Defendant Strong described in paragraph 12, and after the injury producing event to Plaintiffs' child that occurred on May 3, 2018, Defendant School District and Defendant Anderson made no changes to any school policies, took no remedial actions to

ensure that injuries did not happen in the industrial arts classes supervised by Defendant Strong, and provided no further training or discipline to Defendant Strong.

15. As the facts set out above demonstrate, Defendant Strong, while acting under the color of state law, intentionally deprived Plaintiffs, individually, and as parents to I.S., a minor, of their federally protected constitutional right provided by the Fourteenth Amendment to "life, liberty, or property."

16. Defendant Strong's intentional removal of the blade guard and instruction to Plaintiff's child to use the unguarded saw, while unsupervised, despite being fully aware of his teachings, fully aware of the video demonstrations, fully aware of the written materials, fully aware of the manufacturing safety rules, and fully aware of Defendants' safety policy, was the direct cause of the deprivation of rights suffered by Plaintiffs, individually, and as parents to I.S., a minor.

17. The deprivation of rights described above has led to Plaintiffs, individually, and as parents to I.S., a minor, suffering severe and permanent injuries. Plaintiffs, individually, and as parents to I.S., a minor, have also suffered past, present and future: pain, suffering, permanent disability, permanent disfigurement, mental anguish, medical expense, impairment of earning capacity, loss of household services, and loss of enjoyment and quality of life.

18. Defendant Strong's intentional and irrational actions leading to the deprivation of right were conscience shocking.

19. Despite the Defendant School District and Defendant Anderson maintaining a mission statement that claims students will be safe while in their schools, multiple and substantially similar injuries occurred in the industrial arts class supervised by Defendant Strong.

20. Incident reports were created and Defendant School District and Defendant Anderson were made aware of each of these injuries occurring in the industrial arts class supervised by Defendant Strong.

21. By failing to make changes to any school policies, or taking remedial actions to ensure that injuries did not happen in the industrial arts classes supervised by Defendant Strong, and by further failing to provide no further training or discipline to Defendant Strong, the Defendant School District and Defendant Anderson have created a custom and practice of inadequate and "absentee" supervision, and otherwise wholly failed to train a state actor under its control and supervision, in such a manner that resulted in the deprivation of Plaintiffs' child's federally protected constitutional right provided by the Fourteenth Amendment to "life, liberty, or property."

22. The deprivation of right described above has led to Plaintiffs, individually, and as parents to I.S., a minor, suffering severe and permanent injuries. Plaintiffs, individually, and as parents to I.S., a minor, have also suffered past, present and future: pain, suffering, permanent disability, permanent disfigurement, mental anguish, medical expense, impairment of earning capacity, loss of household services, and loss of enjoyment and quality of life.

23. Defendant School District's and Defendant Anderson's custom of failing to supervise and failing to train that leading to the deprivation of right was conscience shocking.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in an amount in excess of $75,000.00 for their damages, together with interest, attorney fees, costs, punitive damages and any further relief the court deems equitable, just and available to Plaintiffs by law.

Respectfully submitted,

Paul M. Kolker, OBA No. 18749
ROBERSON, KOLKER, COOPER,
& GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       paul@rkcglaw.com

– And –

Michael P. Hill, OBA No. 20728
308 NW 13th Street, Suite 100
Oklahoma City, Oklahoma 73103
Telephone:   405-232-0555
Facsimile:   405-232-1849
Email:       mike@burtonlaw.com
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS LIEN CLAIMED**
**PRE-JUDGEMENT INTEREST CLAIMED**