### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN AND SHELDON STONE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-20-908-D |
| ) | |
| MIDWEST CITY-DEL CITY PUBLIC ) | |
| SCHOOL DISTRICT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is a Motion to Dismiss filed by Independent School District No. 52 of Oklahoma County ("District") [Doc. No. 10] and a Motion to Dismiss filed by Cindy Anderson and Rodney Ray Strong [Doc. No. 11]. Both motions seek dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a Combined Response in Opposition [Doc. No. 12] and Defendants have filed a combined Reply [Doc. No. 13]. The matter is now at issue.

### BACKGROUND

On May 3, 2018, Plaintiffs' son, I.S., was operating a high-powered table saw in his industrial arts class at Carl Albert Middle School when the spinning saw made contact with his left hand. *See* First Am. Compl. at ¶¶ 10-13. The saw mutilated I.S.'s fingers, resulting in amputation and a lifelong impairment. *Id.* at ¶ 13.

Mr. Strong was the industrial arts teacher at the school when I.S.'s injury occurred. Plaintiffs allege that just prior to I.S.'s injury, Mr. Strong removed a blade guard from the table saw in violation of the manufacturer's safety rules. *Id.* at ¶ 12. They further allege

that after showing I.S. how to perform one cut, Mr. Strong walked away and failed to properly supervise the use of the table saw. *Id*. According to Plaintiffs, this was not the first time one of Mr. Strong's students suffered an injury in class. They cite to six prior incidents over the course of a five year period in which a student was injured by a saw, albeit not as severely as I.S. *Id*. at ¶ 14.

Plaintiffs further allege that the Ms. Anderson, the school principal, and the District received notice of these prior injuries, but failed to take remedial action or provide proper training or supervision to Mr. Strong. *Id*. at ¶¶ 14-16, 22-23. This, Plaintiffs contend, amounts to an official policy or custom of the District of inadequate training and supervision. *Id.* at ¶¶ 16, 23.

Relying on these factual allegations, Plaintiffs bring a claim, under 42 U.S.C. § 1983 for violations of their and their son's Fourteenth Amendment substantive due process rights, against Mr. Strong, Ms. Anderson, and the District. Plaintiffs assert that Mr. Strong's removal of the blade guard and Ms. Anderson's and the District's deliberate indifference to the need for further supervision or training shocks the conscience. *Id.* at ¶¶ 20, 25.

Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6), contending that Plaintiffs have failed to sufficiently plead a substantive due process claim against either the District or the individual defendants.

## STANDARD OF DECISION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a pleading "does not need detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Id.*

## DISCUSSION

To plead a cognizable claim under § 1983, Plaintiffs must first plausibly allege the deprivation of a constitutional right. *Graham v. Indep. Sch. Dist*. No. I-89, 22 F.3d 991, 993 (10th Cir. 1994). Here, Plaintiffs invoke the Fourteenth Amendment's substantive due process protections and contend that the defendants deprived I.S. of his liberty interest in being free from damage to his bodily integrity.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. The clause "was intended to prevent government 'from abusing [its] power, or employing it as an instrument of oppression.'" *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (internal citation omitted). Notably, it is "phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Id.* at 195. The Supreme Court has "always been reluctant to expand the concept of substantive due process" and has "rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those

3

traditionally imposed by state tort law." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125-128 (1992).

To prevail on a substantive due process claim, a plaintiff "must demonstrate that the state acted in a manner that 'shock[s] the conscience.'" *Uhlrig v. Harder*, 64 F.3d 567, 571 (10th Cir. 1995) (internal citation omitted). To satisfy this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Id.* at 574. Instead, "the plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* at 574. "[O]nly the most egregious official conduct" meets this standard. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Further, the guarantee of due process applies to "deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). This guarantee is "not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Id.* at 328 (emphasis in original).

Here, taking Plaintiffs' allegations as true, the Court is not persuaded that Defendants' conduct "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Collins*, 503 U.S. at 128. Plaintiffs do not allege facts showing that Mr. Strong deliberately deprived I.S. of a liberty interest or that he intended to cause him harm.  Instead, they present what appears to be a garden-variety negligence claim: Mr. Strong failed to act with due care in removing the blade guard and permitting unsupervised use of the saw. *See id*. These actions "simply do[] not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." *Davidson v.*

4

*Cannon*, 474 U.S. 344, 347–48 (1986). Mr. Strong's conduct may have been risky or ill-considered, and it may have led to a serious injury, but it cannot fairly be described as conscience shocking.[1] *See Muskrat v. Deer Creek Pub. Sch.,* 715 F.3d 775, 787 (10th Cir. 2013) (finding that teacher's unprovoked slap on disabled child's cheek is not conscience shocking); *DeAnzona v. City & Cty. of Denver,* 222 F.3d 1229, 1236 (10th Cir. 2000) (finding that camp counselor's failure to supervise child who wandered away and drowned is not conscience shocking); *Maldonado v. Josey*, 975 F.2d 727, 733 (10th Cir. 1992) (finding teacher's failure to supervise child who choked to death in cloakroom did not amount to a constitutional violation).

As for the District and Ms. Anderson, Plaintiffs claim they maintained a practice of inadequate supervision and failed to implement remedial measures after receiving notice of six prior injuries in Mr. Strong's industrial arts class. However, even assuming such a practice existed and was the cause of I.S.'s injury, "knowingly permitting unreasonable

---

[1] In arguing otherwise, Plaintiffs cite to several cases that are entirely unpersuasive and unhelpful. For example, Plaintiffs cite to *Parratt v. Taylor*, 451 U.S. 527 (1981), but fail to note that *Parrat* was overruled "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels*, 474 U.S. at 330-31. Plaintiffs also relys on *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 778 (5th Cir. 1984), a pre-*Daniels* case that, although factually similar, does not address whether the conduct was sufficient to state a due process claim under current law. The problems don't stop there: the relevance of *Shillingford v. Holmes*, 634 F.2d 263 (5th Cir. 1981) is questionable at best given that it concerns an excessive force claim and was later abrogated by *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993); *Hovater v. Robinson*, 1 F.3d 1063 (10th Cir. 1993) is factually distinct and adds nothing to whether Plaintiffs have properly pled a substantive due process claim; and, contrary to the parenthetical explanation Plaintiffs include in their brief, *Maldonado v. Josey*, 975 F.2d 727 (10th Cir. 1992), actually held that the accidental strangulation of an elementary student failed to establish a constitutional deprivation.

5

risks to continue does not necessarily rise to the level of conscience shocking." *DeAnzona v. City & Cty. of Denver*, 222 F.3d 1229, 1235 (10th Cir. 2000). Furthermore, the failure to sufficiently state a substantive due process claim as to Mr. Strong is dispositive of the claims against the District and Ms. Anderson.[2] *Muskrat*, 715 F.3d at 788 (holding that school distrct could not be liable where the plaintiffs failed to show any school district employee committed a constitutional violation); *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 930 n. 18 (10th Cir. 2012) (explaining that "[s]upervisory liability…simply will not lie absent an underlying constitutional deprivation.").

Finally, defendants argue that to the extent Plaintiffs intended to raise their due process claim under the "danger creation theory," it should be dismissed. The danger creation theory is an exception to the general rule that "state actors may only be held liable under § 1983 for their own acts, and not for the violent acts of third parties." *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002). Under this theory, "a state actor may be held liable for the violent acts of a third party if the state actor 'created the danger' that caused the harm." *Id.* (citation omitted). Plaintiffs failed to contest Defendants' arguments for dismissal of a claim brought under the danger creation theory, and Defendants' Motion in this regard has therefore been confessed. *See* LCvR7.1(g) (motion not opposed within 21 days may be deemed confessed). In any event, Plaintiffs' failure to allege conscience shocking conduct on the part of a state actor would be fatal to such a claim. *See Ruiz*, 299

---

[2] Because Plaintiffs have failed to plead facts showing a constitutional violation, the individual defendants would also be entitled to qualified immunity. *Maldonado*, 975 F.2d at 733.

F.3d at 1182–83 (explaining that a prima facia case under the danger creation theory requires conduct that shocks the conscience).

## CONCLUSION

It is well established that "a substantive due process violation must be more than an ordinary tort to be actionable under § 1983." *Uhlrig*, 64 F.3d at 573. Although I.S. appears to have suffered a serious, permanent injury, that is not enough to transform Plaintiffs' apparent tort claim into a constitutional violation. Because they have not alleged facts showing that a state actor engaged in conduct that shocks the conscience, Plaintiffs have failed to state a claim under the Due Process Clause of the Fourteenth Amendment.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss filed by Independent School District No. 52 of Oklahoma County [Doc. No. 10] and the Motion to Dismiss filed by Ms. Anderson and Mr. Strong [Doc. No. 11] are **GRANTED**. Plaintiffs' claim is dismissed without prejudice.

**IT IS SO ORDERED** this 25th day of February, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge